**Oscar L. PENRICE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–85–724–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 31, 1986.

Carol J. Carrier, Houston, for appellant.

John B. Holmes, Jr., Eleanor McCarthy, David E. Brothers, Houston, for appellee.

Before JUNELL, DRAUGHN and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Oscar L. Penrice, appeals from a judgment of conviction for the felony offense of burglary of a motor vehicle, enhanced with two prior felony convictions. The jury found appellant guilty and the court, finding the enhancement allegations true, assessed punishment at confinement in the Texas Department of Corrections for twenty-five years. Appellant brings six grounds of error on appeal. We affirm.

On the night of March 22, 1985, the security officer at the Arbor Oaks Apartments saw Oscar L. Penrice (Penrice or appellant) remove a T-Top from a 1982 Chevrolet Camaro. Upon seeing the security officer Penrice ran away with the T-Top. The security officer (an off-duty Houston policeman) chased Penrice and captured him in a neighboring apartment complex. Based on the testimony of the security officer, the complainant, and Penrice's fingerprints found on the interior of the driver's door window, the jury found Penrice guilty.

In his first ground of error appellant complains about what he contends was an improper jury argument by the prosecutor. He argues that the prosecutor improperly injected his personal opinion into his final argument. The complained of argument is as follows:

I think we can look back on jury selection and look at how many people have had their cars burglarized or house or business burglarized and how many people got caught. None. One was caught, and he was persistent enough to come down here and make sure that justice

was done and ask for a jury of citizens to listen to the evidence and come to a fair and reasonable conclusion and obviously that is that this defendant is guilty. **Mr. Nunn (the complainant) is looking to you.** *It's as important to him as it is to Oscar Penrice to do your job, that is, to look at the evidence, follow the law, follow the evidence, and come to a true verdict, which in my mind anyway beyond—if not beyond all doubt, then beyond a reasonable doubt is that this defendant is guilty of this offense.* (emphasis added).

It is well settled that a prosecutor cannot inject his personal opinion of guilt into his argument; to do so is sufficient cause for reversal of the case. *Fowler v. State,* 500 S.W.2d 643 (Tex.Crim.App.1973); *Baldwin v. State,* 499 S.W.2d 7 (Tex.Crim. App.1973). It is equally settled that the prosecutor may argue his opinions concerning issues in the case as long as the opinions are based on the evidence in the record and not as constituting unsworn testimony. *McKay v. State,* 707 S.W.2d 23, 37 (Tex. Crim.App.1985); *Sikes v. State,* 500 S.W.2d 650, 652 (Tex.Crim.App.1973). To constitute reversible error, the argument must be extreme or manifestly improper, or inject new and harmful facts into evidence. *Kerns v. State,* 550 S.W.2d 91 (Tex.Crim. App.1977); *Thomas v. State,* 519 S.W.2d 430 (Tex.Crim.App.1973).

The complained of statement did not inject new facts into evidence which were harmful to appellant, nor was it manifestly unjust, nor did it indicate that the prosecutor possessed independent facts of appellant's guilt which were not introduced into evidence. The complained of argument occurred near the end of the prosecutor's closing argument following his rendition of the evidence. He prefaced the statement by reminding the jury to "look at the evidence, follow the law, follow the evidence, and come to a true verdict." This shows that the argument by the prosecutor was based on an analysis of the evidence that the jury could find appellant guilty

beyond a reasonable doubt because of the evidence produced by the State. Such argument was not the purely personal opinion of the prosecutor. Ground of error one is overruled.

■ In his second ground of error appellant argues that the trial court erred in failing to quash the jury panel because of the injurious and prejudicial statement made by the prosecutor during voir dire.

Appellant contends that the prosecutor implied to the jury panel that if appellant did not testify, it would be because of his prior criminal record. During voir dire the prosecutor stated:

> In Texas there is a rule of law or evidence that sometimes frustrates people, that is, if a witness does not take the stand, someone maybe you think would be able to produce some light on the matter or something like that—if a witness refuses to take the stand, we cannot tell you anything about that person. We cannot give you a background check. We cannot tell you about his prior criminal history. We cannot do anything. If a person who you wished would have testified does not, you cannot then ask would you tell us something about this person, would you tell us anything. So you would not know any of his criminal history or any of his background at all, and that frustrates some people.
>
> Will you only just wait and listen to the evidence that we do have and determine from that evidence whether or not the defendant is guilty? Does everyone here think they can do that?

Appellant's objection to this remark was sustained. Appellant's request for an instruction to the jury that defendant's failure to testify cannot be used against him was refused and a subsequent motion to quash the jury panel was refused after the

prosecutor noted that his reference was to any witness that testified.

This contention is without merit. In *Harris v. State,* 656 S.W.2d 481, 485–86 (Tex.Crim.App.1983), the prosecutor made an argument similar to the complained of argument in the instant case.[1] The court in *Harris* held that the statements and their context represented a perfectly legitimate topic for discussion of either party during voir dire. *Harris,* 656 S.W.2d at 486. Ground of error two is overruled.

■ In grounds of error three, four, and five, appellant argues that the trial court erred in failing to grant his challenge for cause to prospective jurors Wishnow, Schlichter, and Auclair. Veniremen Wishnow and Auclair initially revealed a predisposition to believe the testimony of a policeman over other witnesses. Venireman Wishnow, along with venireman Schlichter, also revealed a predisposition to infer guilt if the appellant failed to testify. We find that the trial court sufficiently rehabilitated these prospective jurors.

A prospective juror must be dismissed for cause when challenged if "he has a bias or prejudice in favor of or against the defendant." Tex.Code Crim.Proc.Ann. art. 35.16(a)(9) (Vernon Supp.1986). A trial court has great discretion to determine whether bias or prejudice exists in passing on the qualifications of a juror. It is within the court's discretion to determine whether the prospective juror is able to render an impartial verdict. *Anderson v. State,* 633 S.W.2d 851 (Tex.Crim.App.1982); *Connally v. State,* 696 S.W.2d 432 (Tex.App.—Houston [14th Dist.] 1985, no pet.).

We can only overturn the ruling of the trial court if, in light of all the answers given by a prospective juror, bias as a matter of law has been established. *Bias*

---

1. In *Harris* the prosecutor stated:

   Fifthly, under the laws of the State of Texas anybody that takes the witness stand can have their credibility undermined by letting you know, as a member of the jury, about any past convictions they may have for felony offenses or for misdemeanors involving moral turpitude. Now, that's called impeach-

   ment. Their testimony may be impeached with their prior felony convictions or with misdemeanors involving moral turpitude. You can use that in weighing the credibility of anybody you heard from the witness stand who fitted into that category of being an offender of that type. *Harris,* 656 S.W.2d at 485.

has been defined as "an inclination toward one side of an issue rather than the other ... [which] leads to the natural inference that [a juror] will not or did not act with impartiality" and *prejudice* defined simply as "prejudgment." *Anderson*, 633 S.W.2d at 853, 854 (Court of Criminal Appeals adopting definitions from *Compton v. Henrie*, 364 S.W.2d 179 (Tex.1963). We must look to the record as a whole to determine whether the trial court abused its discretion in denying a challenge for cause. *Brandley v. State*, 691 S.W.2d 699, 705 (Tex.Crim.App.1985). We must consider the totality of the juror's response and weigh those which are vague and contradictory against those which are not, *Henley v. State*, 644 S.W.2d 950, 955 (Tex.App.—Corpus Christi 1982, pet. ref'd), and accord due deference to the trial court's determination given its position to gauge the juror's sincerity and demeanor. *Wilkerson v. State*, May 14, 1986 (Tex.Crim.App.); *Bird v. State*, 692 S.W.2d 65 (Tex.Crim.App.1985); *see Wainwright v. Witt*, 469 U.S. 412, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985).

Wishnow initially stated that he would give more credibility to the testimony of the police officer. After being questioned by the court Wishnow stated that he would not preassign credibility, that he would wait until the officer testified to weigh his credibility, and that if the evidence did not corroborate what the policeman said then his verdict would be based solely on the evidence.

Auclair stated, "that all things being equal, he would be inclined to give the officer's testimony more credibility." The court then questioned Auclair. Auclair then stated that in rendering his verdict he would look to all the facts, that he would not give the officer more credibility than any other person, and that he would wait until the officer testified before deciding how much credibility to give his testimony.

We find no abuse of discretion by the trial judge in that both veniremen were rehabilitated. Both veniremen stated that they would wait until the officer testified before judging his credibility. Veniremen Wishnow and Auclair were not subject to a challenge for cause on this contention. *See Kennard v. State*, 649 S.W.2d 752, 764 (Tex.App.—Fort Worth 1983, pet. ref'd); *Drummond v. State*, 624 S.W.2d 690, 692–93 (Tex.App.—Beaumont 1981), *pet. ref'd per curiam*, 628 S.W.2d 781 (Tex.Crim. App.1982).

■ Both Veniremen Wishnow and Schlichter stated that they would take into consideration the failure of the defendant (Penrice) to testify in reaching their verdict. Upon instructions and questions from the court Wishnow was rehabilitated. Wishnow responded "that's true" when the court asked "if after they put on their case you don't believe beyond a reasonable doubt he's guilty you're going to find him not guilty?" Additionally, Wishnow responded "that's true" when the court asked "if the evidence is not there you're not going to use his failure to testify to find him guilty, are you?" Schlichter was also rehabilitated by the court. He stated that he would follow the instructions of the court in that a defendant's failure to testify cannot be used against him, and that the State must put on evidence to establish guilt beyond a reasonable doubt. There was no reversible error committed in denying these challenges for cause. *See Scott v. State*, 490 S.W.2d 578 (Tex.Crim.App. 1973). Grounds of error three, four, and five are overruled.

■ In his sixth ground of error appellant argues that there was a material variance between the proof offered at trial and the indictment for burglary of a motor vehicle. He argues that the evidence produced by the State was sufficient to prove only misdemeanor theft and not burglary. During oral argument counsel for appellant conceded that this ground of error was actually a sufficiency of the evidence complaint.

Appellant's challenge to the sufficiency of the evidence focuses on the issue of entry of the car. The security officer who apprehended appellant testified only to observing appellant remove the T-Top. The

only evidence to show entry into the vehicle was a fingerprint of appellant's little finger found on the interior driver's door window.

The standard we must use in deciding a sufficiency of the evidence question is to decide whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State,* 663 S.W.2d 455 (Tex.Crim. App.1984). One of the most important factors to be considered in evaluating the sufficiency of fingerprint evidence is the extent to which the fingerprinted object was accessible to the defendant. *Phelps v. State,* 594 S.W.2d 434 (Tex.Crim.App.1980). If the fingerprint of the accused necessarily must have been made at the time of the burglary the evidence is sufficient to sustain a burglary conviction without further evidence of identification. *Dues v. State,* 456 S.W.2d 116 (Tex.Crim.App.1970); *Nelson v. State,* 505 S.W.2d 271 (Tex.Crim. App.1974).

The complainant testified that the car had been locked and all the windows were rolled up prior to the burglary. The T-Top had been latched from the inside and could only be unlatched from the inside. The latches on the T–Top, when returned, were in working order and did not appear to have been forced or pried. The complainant's testimony along with the fingerprint evidence were sufficient for the jury to decide that appellant had entered the car. *See Simmons v. State,* 590 S.W.2d 137 (Tex.Crim.App.1979); *Wheat v. State,* 666 S.W.2d 594 (Tex.App.—Houston [1st Dist.] 1984, pet. ref'd). Ground of error six is overruled.

Accordingly, the judgment of the trial court is affirmed.