Affirmed and Memorandum Opinion filed July 3, 2008








Affirmed and Memorandum Opinion filed July 3, 2008.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00433-CR

_______________

 

MICHAEL WAYNE BARNES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                    
           

On Appeal from the 183rd District Court

Harris County, Texas

Trial Court Cause No. 1072414

                                                                                                                                               


 

M E M O R A N D U M  O P I N I O N

Michael Wayne Barnes appeals his
conviction for burglary of a habitation, asserting that (1) the evidence is
legally insufficient to prove appellant committed the offense of burglary of a
habitation; and (2) the evidence is factually insufficient to prove appellant
committed the offense of burglary of a habitation.  We affirm.








Background

On May 10, 2006, Bill Storey saw a Aheavyset@ African-American male, approximately
5=9== tall, approach a house at 6911
Falling Waters.  This man was later identified as appellant.  Storey watched as
appellant disappeared from sight and later reemerged carrying several items.  
Storey testified that he did not see appellant come out of the door of the
home.  

Storey got into his car and followed
appellant, who was walking down the road with the items.  Storey saw appellant
toss a bag he was carrying through the bars of a fence and noticed a few CDs
fall out when it hit the ground.  Storey testified that appellant disappeared
behind an apartment building, still carrying another bag.

Storey then called the Harris County
Constable=s Office.  While the police were en route, appellant reemerged wearing a
different shirt.  When the police arrived, they were unable to find appellant.

Police then began investigating at
the home at 6911 Falling Waters.  The home appeared to have been ransacked,
with probable entry gained through a broken bedroom window.  Officer Findley,
having been trained in gathering fingerprints at the scene of a crime, dusted the
broken glass for prints and found two pieces of glass containing prints that
could be lifted.  

After examining the prints, Officer
Findley was able to determine that the prints were made after the window had
been shattered.  This was determinable because the prints were on the inside of
the glass, indicating that a person had broken the window pane and then pulled
the individual pieces out of the frame. 

The fingerprints were fed into a
computer and a positive match determined that they belonged to appellant. 
Appellant was arrested on July 7, 2006, and held on a $20,000 bond after a
probable cause hearing.  Appellant was indicted on August 1, 2006, by a grand
jury on the felony charge of burglary of a habitation.








Appellant pleaded Anot guilty@ on May 17, 2007.  A jury trial began
on May 21, 2007, and appellant was convicted the following day.  The jury
assessed punishment at 35 years in the Texas Department of Criminal Justice,
Institutional Division, and a $5,000 fine.

Appellant timely filed this appeal.

Legal and Factual Sufficiency

Standard of Review

In reviewing legal sufficiency of the
evidence, we view all of the evidence in the light most favorable to the
verdict to determine whether, based on that evidence and the rational
inferences therefrom, a rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Hooper v. State, 214
S.W.3d 9, 13 (Tex. Crim. App. 2007).  This standard of review applies to both
direct and circumstantial evidence cases.  King v. State, 895 S.W.2d
701, 703 (Tex. Crim. App. 1995) (en banc).  We do not resolve any conflict of
fact, weigh any evidence, or evaluate the credibility of any witnesses, because
this is the trier of fact=s function.  Fuentes v. State, 991 S.W.2d 267, 271
(Tex. Crim. App. 1999).  In reviewing factual sufficiency, we view the evidence
in a neutral light to determine whether the evidence supporting the verdict is
so weak, or so outweighed by the contrary evidence,  that the verdict is clearly
wrong and manifestly unjust.  Roberts v. State, 220 S.W.3d 521, 524
(Tex. Crim. App. 2007), cert. denied, 128 S. Ct. 282 (2007).

Analysis








Appellant contends that the evidence
is legally and factually insufficient to support his conviction for burglary of
a habitation.   A person commits burglary of a habitation if, without the
consent of the owner, the person enters the habitation and commits or attempts
to commit a felony, theft, or assault.  Tex. Pen Code Ann. ' 30.02(a)(3) (Vernon 2003).  AEnter@ is defined as intruding with any
part of the body.   Tex. Pen Code Ann. ' 30.02(b)(1) (Vernon Supp. 2007).   A
person commits a theft if he appropriates property without the owner=s effective consent with intent to
deprive the owner of the property.  Tex. Pen Code Ann. ' 31.03(a), (b)(1) (Vernon 2003). 
Proof of entry may be made by circumstantial evidence.  Clark v. State,
543 S.W.2d 125, 127 (Tex. Crim. App. 1976); see also Richardson v. State,
No. 14-04-00764-CR, 2006 WL 1026866, at *3 (Tex. App.CHouston [14th Dist.] April 20, 2006,
pet. ref=d) (circumstantial evidence
sufficient to convict for burglary of a vehicle where no witnesses saw entry
and no fingerprints were found inside vehicle).  Proof of intent to commit
theft also may be inferred from the circumstances.  Mauldin v. State,
628 S.W.2d 793, 795 (Tex. Crim. App. 1982).

The evidence proffered at trial can
be summarized as follows: (1) Storey testified that he saw a man matching appellant=s appearance approach the complainant=s home; (2) Storey testified that
several minutes later, he saw the same man walking away from the home carrying
several items; (3) Storey did not see the man actually enter or exit the home;
(4) the complainant=s home had been burglarized; (5) Officer Findley testified
that entry had been gained via breaking the window pane to the children=s room and removing the shards of
glass; (6) Officer Findley=s investigation of the fingerprints on the glass indicated
someone had touched the inside of the glass as if he had been pulling the
shards out after breaking the window, based upon matching up shards with those
in the frame and looking at dust and rain patterns that were on the outside of
the glass but not on the inside of the glass; (7) the fingerprints found
matched those of appellant; and (8) appellant had not lawfully been inside the
residence that had been burglarized.

Appellant contends there is
insufficient evidence that he committed burglary of a habitation.  Appellant
does not provide any argument or authority as to which elements he is
challenging, leaving the court to determine the nature of his appeal.  See Tex.
R. App. P. 38.1.  Nonetheless, having reviewed the entire record, including
arguments at trial, it appears that appellant is challenging his identification
as the individual who committed the crime and, in the alternative, the
sufficiency of the evidence to establish that he entered the habitation.   








Concerning the identification of the
individual, the Court of Criminal Appeals has stated: AWhen circumstantial evidence is
relied upon [to identify the defendant] it must be sufficient to exclude every
other reasonable hypothesis except that of the appellant=s guilt.  The presence of his
fingerprints alone is sufficient to prove the identity of the burglar if such
fingerprints must necessarily have been made at the time of the burglary.@  Nelson v. State, 505 S.W.2d
271, 273 (Tex. Crim. App.  1974) (citations omitted); see also Newman v.
State, No. 14-05-01125-CR, 2007 WL 1437624, at *2 (Tex. App.CHouston [14th Dist.] May 17, 2007,
pet. ref=d) (AThe presence of fingerprints alone is
sufficient to prove identity of a burglar if the evidence shows that the
fingerprints were made at the time of the burglary@).  The fingerprints found on the
glass were found in such a manner as to indicate they had been put there after
the glass was shattered B in other words, at the time of the break-in.  The window was
in good condition that morning and had been broken to facilitate entry for the
burglary.  Officer Findley testified that the glass must have been shattered
before coming into contact with appellant=s finger tips; if the glass had been
whole, palm prints would have been found.  Likewise, Officer Findley testified
that he noted recent disruption of the dust pattern on the glass where he
lifted the fingerprints. 

Evidence that appellant had not been
in the residence legally also is probative of guilt.  In Newman, we held
that testimony that appellant had not legally entered the premises was
sufficient to show that the prints were made at the time of the burglary.  Newman,
No. 14-05-01125-CR, 2007 WL 1437624, at *2; but see Hood v. State, 860
S.W.2d 931, 934 (Tex. App.CTexarkana 1993, no pet.) (prints alone not sufficient where
appellant had, as a repairman, recently been outside the home).  Homeowner
Rivera testified that he did not know appellant, and that appellant had never
been in his home.








With respect to entry of a
habitation, fingerprints also may be evidence establishing this requirement.  AIn burglary cases, fingerprints
constitute direct evidence of the ultimate fact to be proved B illegal entry.@  Clayton v. State, 235 S.W.3d
772, 779 (Tex. Crim. App. 2007).  The State proffered evidence that appellant=s fingerprints were located on the inside
of the glass, establishing that appellant had entered the home. The
circumstances here parallel those in Penrice, in which this court
considered Penrice=s claim that he was guilty of misdemeanor theft rather than
felony burglary of a motor vehicle.  See Penrice v. State, 716 S.W.2d
107, 112 (Tex. App.CHouston [14th Dist.] 1986, no pet.).  The only evidence of
entry was a small print on the inside of the driver=s window, and that was deemed
sufficient to prove entry.  Id.  Likewise, the presence of appellant=s fingerprints on the inside of the
glass is sufficient to prove entry here. 

Looking at the evidence in the light
most favorable to the verdict, and the rational inferences therefrom, a
rational trier of fact could have found the essential elements of burglary of a
habitation beyond a reasonable doubt.  See Hooper, 214 S.W.3d at 13; King,
895 S.W.2d at 703 (circumstantial evidence is sufficient to support the
elements of a crime beyond a reasonable doubt).   Likewise, the evidence
proffered at trial is not outweighed by contrary evidence such that the verdict
is clearly wrong and manifestly unjust.  Roberts, 220 S.W.3d at 524.   

Appellant=s two issues are overruled.

Conclusion

The trial court=s judgment is affirmed.

 

 

 

/s/        William J. Boyce

Justice

 

Judgment rendered and Memorandum
Opinion filed July 3, 2008.

Panel consists of Chief Justice
Hedges and Justices Frost and Boyce.

Do Not Publish C Tex. R. App. P. 47.2(b).