**Affirmed and Opinion filed December 10, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-00717-CR

**JERRY JONES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 23rd District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 65568**

## O P I N I O N

Appellant challenges the sufficiency of the evidence to support his conviction for burglary of a motor vehicle, with two prior convictions for the same offense. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant was charged by indictment with the offense of burglary of a motor vehicle, with two prior convictions for the same offense. Appellant pleaded "not

guilty."

At trial, the complainant testified that she was traveling in her vehicle with her dog and stopped at a local dog park to walk the pet. She locked her purse in her vehicle; the purse was on the floor of the front passenger side of the vehicle. When she returned to her vehicle forty-five minutes later, she saw that the driver-side window in her vehicle had been broken, and her purse and its contents were missing. The complainant contacted her credit-card issuers to cancel her credit cards and learned that one of her credit cards already had been used at a nearby gas station. The complainant filed a report with the law-enforcement officers who arrived on the scene to investigate.

A friend of the complainant cleaned the glass from the vehicle after the incident and discovered inside the vehicle a small piece of glass from the broken window that had a red stain on it. During the clean up, a small drop of blood also was found on the outside running board of the complainant's vehicle. The piece of glass was collected with tweezers, sealed in a plastic bag, and delivered to the police department. Laboratory analysis of the red stain taken from the glass revealed that the DNA profile of the stain was consistent with appellant's DNA, as recorded in a system referred to as "CODIS" that is affiliated with the Texas Department of Public Safety. With this information, officers obtained a search warrant. They then collected appellant's DNA with a buccal swab and submitted it for forensic testing.

A forensic DNA analyst testified that the red stain on the glass—blood—came from a single person. The record reflects that the DNA in the blood specimen on the broken glass was consistent with appellant's DNA profile, as taken from the buccal swab. Appellant's two prior convictions for burglary of a motor vehicle were introduced into evidence through the testimony of a latent

2

fingerprint examiner, who verified that appellant's fingerprints matched the ones found in judgments for the prior convictions.

The jury found appellant guilty as charged. Appellant pleaded "true" to two enhancement allegations of the indictment, and the jury assessed his punishment at fifteen years' confinement and imposed a fine. The trial court denied appellant's motion for new trial.

## SUFFICIENCY OF THE EVIDENCE

In evaluating a sufficiency challenge, we view the evidence in the light most favorable to the verdict. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). The issue on appeal is not whether we, as a court, believe the State's evidence or believe that appellant's evidence outweighs the State's evidence. *Wicker v. State*, 667 S.W.2d 137, 143 (Tex. Crim. App. 1984). The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991). The trier of fact "is the sole judge of the credibility of the witnesses and of the strength of the evidence." *Fuentes v. State*, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999). The trier of fact may choose to believe or disbelieve any portion of the witnesses' testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). When faced with conflicting evidence, we presume the trier of fact resolved conflicts in favor of the prevailing party. *Turro v. State*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993). Therefore, if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we must affirm. *McDuff v. State*, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).

A person commits the offense of burglary of a motor vehicle if that person, without the effective consent of the owner, breaks into or enters a vehicle or any part of a vehicle with the intent to commit any felony or theft. Tex. Penal Code

3

Ann. § 30.04(a) (West 2013). When it is shown on the trial of the offense that the defendant previously has been convicted two or more times of an offense under this section, the offense is a state-jail felony. *Id.* § 30.04(d)(2)(A).

The jury may infer from the circumstances that a defendant intended to commit a felony or theft when the defendant broke into or entered a vehicle or any part of the vehicle. *See Moreno v. State*, 702 S.W.2d 636, 641 (Tex. Crim. App. 1986), *overruled on other grounds*, *Hall v. State*, 225 S.W.3d 524, 531 & n.30 (Tex. Crim. App. 2007); *Simmons v. State*, 590 S.W.2d 137, 138 (Tex. Crim. App. 1979); *Van Dalen v. State*, 789 S.W.2d 334, 336 (Tex. App.—Houston [14th Dist.] 1990, no pet.). Property need not be taken for there to be an intent to commit theft. *See Ortega v. State*, 626 S.W.2d 746, 749 (Tex. Crim. App. [panel op.] 1981).

The term "enter" means to intrude any part of the body or any physical object connected with the body. Tex. Penal Code Ann. § 30.04(b). Proof of entry may be shown by circumstantial evidence. *Clark v. State*, 543 S.W.2d 125, 127 (Tex. Crim. App. 1976). To convict for felony burglary of a vehicle, it is not necessary to show any "breaking into" a vehicle or use of force by the defendant; it is sufficient to show that the defendant, without the effective consent of the owner, entered a vehicle with intent to commit theft. *See* Tex. Penal Code Ann. § 30.04(a); *Smith v. State*, 781 S.W.2d 675, 677 (Tex. App.—Dallas 1989, pet. ref'd) (concluding that reaching into a vehicle amounted to "entering" the vehicle in an offense for burglary of a vehicle).

The complainant testified that her vehicle had been locked with the windows rolled up before the burglary. She left her purse on the floor of the passenger side. Forty-five minutes later, upon her return to the vehicle, the complainant saw that the driver-side window was smashed, broken glass was inside the vehicle, and her purse and its contents were missing. *See Hall v. State*, 855 S.W.2d 894, 896 (Tex.

App.—Fort Worth 1993, no pet.) (providing that a vehicle owner's testimony as to the condition of the vehicle when he found it after a burglary helped, in part, support conviction of burglary of a motor vehicle). The complainant did not give anyone permission to break into or enter her vehicle during the time she left her vehicle locked and unattended while she exercised her dog. The complainant did not know appellant. The record reflects that appellant's blood and DNA were found on a piece of broken glass inside the burglarized vehicle.

This evidence supports a reasonable inference that appellant was cut in the course of breaking the window of the complainant's vehicle. *See Penrice v. State*, 716 S.W.2d 107, 112 (Tex. App.—Houston [14th Dist.] 1986, no pet.) (concluding that, for purposes of establishing elements of burglary of motor vehicle, evidence including defendant's fingerprint on interior of driver-side door window and testimony that car had been locked and windows rolled up prior to burglary supported jury determination that defendant had entered vehicle). *See also Clark*, 543 S.W.2d at 127 (stating that proof of entry may be shown by circumstantial evidence); *Bolden v. State*, 504 S.W.2d 418, 421 (Tex. Crim. App. 1974) (concluding that evidence including necessity of breaking into vehicle to remove equipment and vehicle owner's testimony as to stolen items was sufficient to show that the accused committed burglary of a motor vehicle); *Penrice*, 716 S.W.2d at 112 (providing that fingerprint inside a vehicle supported finding that accused had entered the vehicle).

A factfinder also reasonably could have inferred from the circumstantial evidence that appellant entered the vehicle, and based on the fact that the purse was missing, that appellant intended to commit theft. *See* Tex. Penal Code Ann. § 30.04(b) (defining "enter" to mean "to intrude" "any part of the body or any physical object connected with the body"). *See Brown v. State*, 294 S.W.3d 203,

5

210 (Tex. App.—Texarkana 2009, no pet.) (concluding evidence was sufficient to show burglary of a motor vehicle because circumstances established that defendant intended to take gun from truck); *In re M.A.L.*, 224 S.W.3d 233, 236 (Tex. App.—El Paso 2005, no pet.) (providing that an accused who left fingerprints on a surge protector likely was the individual who unplugged the equipment and took the items from a house in an offense for burglary of a habitation).

It was within the jury's province to find that appellant had the necessary intent based upon the circumstances of the burglary of the complainant's vehicle. *See Brown*, 294 S.W.3d at 210. We conclude the complainant's testimony, along with appellant's blood and DNA found on a piece of broken glass inside the burglarized vehicle, were sufficient for the jury to find that appellant entered the vehicle with the intent to commit theft and without the complainant's effective consent. *See Penrice*, 716 S.W.2d at 112.

Because appellant had two prior convictions for burglary of a motor vehicle, the evidence supports appellant's conviction for burglary of a motor vehicle, with two prior convictions for the same offense. *See* Tex. Penal Code Ann. § 30.04(a), (d)(2)(A).

Appellant asserts that the State failed to show that his blood was deposited on the glass at the time of the burglary; he posits that the blood could have been deposited on the window before it was broken and not in the course of a burglary. He equates the blood specimen from the broken piece of glass with fingerprints in support of his contention that the evidence must show the blood or fingerprint was deposited at the time of the offense.

Even presuming that the presence of appellant's blood on a broken piece of glass inside the vehicle is akin to a fingerprint, case law does not support appellant's contention. "In burglary cases, fingerprints constitute direct evidence

6

of the ultimate fact to be proved—illegal entry." *Clayton v. State*, 235 S.W.3d 772, 779 (Tex. Crim. App. 2007). Fingerprints inside a vehicle or building may support an inference of entry at the time of the commission of a burglary. *See also Penrice*, 716 S.W.2d at 112 (providing that fingerprint inside a vehicle, along with complainant's testimony about condition of vehicle, supported a conviction for burglary of a motor vehicle); *Walker v. State*, 652 S.W.2d 438, 439 (Tex. App.—Tyler 1983, pet. ref'd) (concluding that the number and location of fingerprints inside a burglarized school was sufficient to show that the prints were made at the time of the commission of the burglary when the accused was not a student and was unknown to the school's principal).

On this record, the complainant's testimony and the presence of appellant's blood and DNA inside the burglarized vehicle suffices to prove his identity and commission of the charged offense. *See Penrice*, 716 S.W.2d at 112. The possibility that appellant's blood may have been left at a time other than the time of the offense does not render the evidence insufficient. *See In re M.A.L.*, 224 S.W.3d at 236 (stating that the mere possibility that a defendant's fingerprints may have been left at a time other than the time of the offense does not necessarily render the evidence insufficient). Likewise, although appellant asserts that there were no witnesses to the crime and no evidence that appellant was found in possession of the stolen property, the State was not required to prove these facts to obtain a conviction for burglary of a motor vehicle. *See id.*

Viewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt; thus, the evidence is legally sufficient to support appellant's conviction. *See Penrice*, 716 S.W.2d at 112. Accordingly, we overrule appellant's sole issue on appeal.

The trial court's judgment is affirmed.

/s/    Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Boyce and Jamison.

Publish — TEX. R. APP. P. 47.2(b).