**Affirmed and Memorandum Opinion filed April 30, 2020.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-00748-CR

---

### DOMINIQUE REED, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause No. 1570531**

---

### MEMORANDUM OPINION

Appellant Dominique Reed appeals his conviction for the felony offense of burglary of a vehicle with two prior convictions for the same offense.[1] He contends the trial court (1) erroneously allowed the State to discuss his two prior convictions for burglary of a vehicle during voir dire and offer evidence of these prior convictions during the guilt-innocence phase of trial and (2) committed jury

---

[1] *See* Tex. Penal Code Ann. § 30.04(d)(2)(A).

charge error that egregiously harmed him.  We affirm.

## BACKGROUND

Complainant is a Houston police officer who, at the time of the charged offense, had been working in the narcotics division for over 30 years and had years of surveillance experience.  Complainant's wife, Mary, had been a special agent for over 15 years and a criminal investigator for 10 years; she had extensive experience in physical and electronic surveillance.

At about 3:00 a.m. on November 12, 2017, Complainant woke up to use the bathroom.  As he walked into the bathroom, he looked outside his window.  He noticed three men approach his truck, which was parked on the street in front of his house.  Complainant saw the men trying to pry his truck's passenger door open; one of the men broke the passenger side window and climbed into his truck.  Complainant got his clothes, identification, and pistol and woke up his wife.  Shortly thereafter, his truck's alarm went off and the men fled.

Complainant and his wife got into their other vehicle and started driving eastward because going east would have been the "quickest route of egress" for the men.  As Complainant was driving, Mary accessed the three video recordings from their home surveillance cameras (which had captured the burglary) on her phone.  The third video showed the men had fled eastward, as Complainant anticipated, and he continued to drive in that direction around the neighborhood.  Soon, Complainant and Mary saw Appellant walking down the street and Mary realized he was the same man whose image was captured by their surveillance cameras "walking up and down the sidewalk and he was casing the cars."  Mary recognized him by his gait and his unique clothing—especially his jacket, which was light and had a black trim "around the neck, the arms and the waist" as well as pockets and black patches on the front of the jacket.

2

Complainant drove past Appellant a few times and Appellant looked at Complainant and his wife. Complainant had no doubt Appellant was the man he saw captured on video and recognized Appellant "by the distinctive clothing he was wearing." Complainant continued to follow Appellant and paralleled his movements from "a couple hundred yards" while Mary called 9-1-1, requested a marked police unit, and led police to Appellant's location. When Appellant saw the marked police car, he immediately "ducked" and turned (from the bike path on which he was walking) towards the train tracks. Police arrested Appellant. At the time of his arrest, Appellant was wearing the same unique jacket as one of the burglars captured on the video.

In December 2017, Appellant was charged with burglary of a vehicle with two prior convictions for the same offense. A trial was held from August 15, 2018, to August 18, 2018. A jury found Appellant guilty as charged, and the trial court assessed Appellant's punishment at 17 months' confinement. Appellant filed a timely appeal.

## ANALYSIS

### I.      Prior Convictions

Appellant contends in his first issue that the trial court erred by permitting the State to (1) bring up his two prior convictions during voir dire of the jury and (2) introduce evidence of the two prior convictions in the form of redacted judgments during the guilt-innocence phase of trial.

#### A.  Standard of Review and Governing Law

We review a trial court's decision to admit evidence (as well as its decision as to whether the probative value of evidence was substantially outweighed by the danger of unfair prejudice) under an abuse of discretion

standard. *Gonzalez v. State*, 544 S.W.3d 363, 370 (Tex. Crim. App. 2018). A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement. *Id.*

Relevant evidence is generally admissible, and irrelevant evidence is inadmissible. *Id.* However, if the probative value of relevant evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence, the evidence is inadmissible under Texas Rule of Evidence 403. *See* Tex. R. Evid. 404; *see also Gonzalez*, 544 S.W.3d at 371. Rule 403 does not exclude all prejudicial evidence; instead, it focuses on the danger of "unfair" prejudice. *State v. Mechler*, 153 S.W.3d 435, 440 (Tex. Crim. App. 2005). "'Unfair prejudice' refers only to relevant evidence's tendency to tempt the jury into finding guilt on grounds apart from proof of the offense charged." *Id.*

A person commits the offense of burglary of a vehicle if that person, without the effective consent of the owner, breaks into or enters a vehicle or any part of a vehicle with the intent to commit any felony or theft. Tex. Penal Code Ann. § 30.04(a); *Jones v. State*, 418 S.W.3d 745, 747 (Tex. App.—Houston [14th Dist.] 2013, no pet.). The offense is a state jail felony if "it is shown on the trial of the offense that the defendant has been previously convicted two or more times of an offense under this section." Tex. Penal Code Ann. § 30.04(d)(2)(A); *Jones*, 418 S.W.3d at 747. The two-prior-conviction provision in section 30.04(d)(2)(A) is jurisdictional because the prior convictions are necessary to establish a felony to give the district court jurisdiction. *See Oliva v. State*, 548 S.W.3d 518, 528 (Tex. Crim. App. 2018) (holding that two prior driving while intoxicated (DWI) convictions are jurisdictional elements because they are necessary to establish a felony DWI to give the district court jurisdiction).

Thus, when two prior convictions elevate a misdemeanor offense to a felony offense, they are jurisdictional elements of the offense and the State must both plead the two prior convictions and prove them at trial. *See Martin v. State*, 200 S.W.3d 635, 638, 640 (Tex. Crim. App. 2006); *Hollen v. State*, 117 S.W.3d 798, 801-02 (Tex. Crim. App. 2003); *see also Hernandez v. State*, 109 S.W.3d 491, 493 (Tex. Crim. App. 2003). A defendant is entitled to stipulate to jurisdictional prior convictions thereby preventing the State from offering otherwise admissible evidence of those convictions. *See Martin*, 200 S.W.3d at 638. A defendant's stipulation places the prior convictions into evidence, making the jury aware of their existence and satisfying evidentiary requirements "while avoiding the unfair prejudice that would accompany further mention of the convictions." *See Hernandez*, 109 S.W.3d at 495. However, the State is permitted to: (1) read the indictment at the beginning of trial (including the prior convictions that are jurisdictional only); (2) introduce the defendant's stipulation into evidence; and (3) refer to the prior convictions in a legitimate manner during voir dire, opening statements, and closing arguments. *See Hollen*, 117 S.W.3d at 802; *Tamez v. State*, 11 S.W.3d 198, 202 (Tex. Crim. App. 2000).

### B. Voir Dire

Appellant argues in his first issue that the trial court erroneously allowed the State to "discuss" his two prior convictions during voir dire. More specifically, he contends the State "positively *hammered*" on his two prior convictions and called them "the most important thing" during its voir dire. According to Appellant, this "psychologically manipulate[d]" the venire members so that "[i]t defies common sense to believe the twelve people who ultimately served on the jury were able to" adhere to the admonishments they were given to not consider Appellant's prior convictions in determining his guilt or innocence.

5

In support of his contentions, Appellant quotes only limited excerpts from the State's voir dire in his appellate brief. However, to properly address Appellant's contentions, we set out the State's complete statements relating to Appellant's prior convictions in context:[2]

> [THE STATE]: . . . I have to prove to you every element beyond a reasonable doubt, and these are the elements that I have to prove to you.
>
> I have to prove to you that on November 12th, 2017, within Harris County, Texas, Dominique Reed, unlawfully and with the intent to commit theft, broke into and entered a vehicle owned by [Complainant], a person who had a greater right to that vehicle. I have to prove to you that the defendant did not have any consent or permission to be within that vehicle. *And I also have to prove to you that there are at least two prior convictions for BMV. This is a burglary of a motor vehicle third case which is why we're here today.*
>
> I do not have to prove to you why the car was broken into. I don't have to prove to you damage to the vehicle. I don't have to prove to you any certain value. And I actually don't even have to prove to you that there was ever any theft that was committed, just the intent to commit theft.
>
> So these are the things that are my elements. These are the things that I have to prove, every single one of these things, to those 12 jurors that are going to sit there beyond a reasonable doubt (indicating).
>
> *So I want to talk about the most important thing is the prior convictions. Now, the reason why I have to prove to you that this is a third and not a second or a first is that the fact that it's a third gets us right here in district court. I have to prove to you that there are two prior convictions. This is really, really important because the law says that I have to prove to you that there are two prior convictions. But the fact that there are two prior convictions for burglary of a motor vehicle are not relevant to this case's guilt or innocence. You cannot use those prior convictions on whether this case happened*

---

[2] We have italicized the limited portions Appellant quoted in his brief to support his argument.

*here today. It is not to prove whether the defendant did or did not commit burglary of a motor vehicle on November 12th of 2017. You absolutely cannot consider it.*

*             *             *

[After several more pages of voir dire unrelated to the prior convictions, the State questioned the venire members.]

Now, before I get to the law of parties, is there anybody here — *now, when I was talking about this being a BMV third, I told you cannot consider that in guilt and innocence. Is there anyone here that won't be able to do that, that thinks that if they hear about convictions that they're going to automatically assume that if they hear about prior convictions that this person is guilty before they've heard anything else, before they've looked at any other evidence?* Anyone on the first row? . . .

Juror No. 54. So you feel like if you heard about prior convictions that you would automatically assume guilt before you hear any other evidence? You're going to be blinded by that?

VENIREPERSON: Yes.

[THE STATE]: And, Juror No. 56, you feel the same way?

VENIREPERSON: Yes.

THE COURT: Thank you all for your honesty. Thank you. Anyone else?

[THE STATE]: Is there anyone else on the back row over here? Juror No. 60?

VENIREPERSON: Yes.

[THE STATE]: Anyone else?

So everybody else can promise me that that is not something you will hold against the defendant? That is not fair. That is not the intention of the law. And you have to understand that everything is in its moment. We are just here to judge the guilt and innocence of what happened on November 12th, 2017, not the day before, not a day after.

So everyone else who didn't raise their cards can promise that they will not hold that against the defendant?

I mean, it's not — and here's the thing. These rights, they're

not just his. They're my rights. They're all of our rights. You would want the same thing if you were sitting where he's sitting here today. That's why I'm really trying to push it and argue it.

For several reasons, we reject Appellant's contention that the trial court committed error in permitting the State to bring up Appellant's prior convictions during voir dire.

First, Appellant cites no authority in support of his assertion that the trial court erroneously allowed the State to discuss his two prior convictions. The State was allowed to speak of Appellant's two prior convictions in a legitimate manner during voir dire. *See Hollen*, 117 S.W.3d at 802. In *Hollen*,[3] the defendant's indictment for felony DWI included allegations of two prior DWI convictions, and defendant provided a stipulation. *Id*. at 799. Over the defendant's objections, the indictment (including the two prior DWI conviction allegations) was read to the jury; the State referenced the prior convictions in voir dire, opening statements, and closing argument; the stipulation was admitted into evidence; and the jury charge mentioned the prior convictions along with a limiting instruction. *Id*. The Court of Criminal Appeals held that, because the two prior convictions are jurisdictional elements of the offense that must be proven to the factfinder to establish the offense of felony DWI, the jury could be informed of the stipulation and the stipulation could be admitted into evidence. *Id*. at 802. The court also held that because the two prior offenses were properly mentioned in the indictment and introduced into evidence by stipulation, "there was likewise no error in the jury instructions, and the prior convictions were the legitimate subject of voir dire, opening statements, and closing arguments." *Id*. Mentioning prior convictions

---

[3] Although the defendant in *Hollen* was charged with a felony DWI third offense (and therefore involved two prior convictions for DWI that were jurisdictional elements), we see no reason why *Hollen*'s rationale is not equally applicable in this case involving two prior convictions for burglary of a vehicle that are jurisdictional elements for Appellant's state jail felony offense.

that are jurisdictional elements of the charged offense during voir dire is not improper but a legitimate subject of voir dire. *See id*. at 801-02.

Second, Appellant claims the State "*hammered* on the prior convictions" during its voir dire. However, the State's voir dire in the record spans over 29 pages but fewer than three pages relate to Appellant's prior convictions. The above quoted portions of the State's voir dire are the only statements the State made regarding Appellant's prior convictions. The record does not support Appellant's claim.

Third, reading the State's voir dire in context, the State merely (1) discussed Appellant's prior convictions because they are jurisdictional elements it was required to prove to the jury; (2) wanted to impart the importance of not considering Appellant's prior convictions in determining Appellant's guilt or innocence in the present case; and (3) wanted to ensure that venire members could be fair and unbiased once they knew of Appellant's prior convictions.

Fourth, there is no evidence or authority to support Appellant's assertion that jurors were "psychologically manipulat[ed]" by the State's references to Appellant's prior convictions and the State's "negative framing" that his prior convictions cannot be considered in determining his guilt or innocence in this case. There is no evidence that the jurors failed to adhere to the State's admonishments (or the trial court's instructions) and considered Appellant's prior convictions in finding him guilty.

Finally, we reject Appellant's claim that only a defendant may question venire members "about whether they could be fair to a defendant with two prior convictions." Just as a trial court may permit the defendant to question the venire to ensure that the seated jury is fair, impartial, unbiased, will follow the applicable law, and from protecting adjudications of guilt from reversal on appeal, the trial

court may permit the State to do so. Inquiring whether venire members can follow the law as instructed and can be fair and unbiased after hearing about a defendant's prior convictions seems to be a legitimate subject for voir dire. *See Hollen*, 117 S.W.3d at 802. Bringing biases to light before a jury is seated is of utmost importance in ensuring a fair judicial process.

"'The voir dire process is designed to ensure, to the fullest extent possible, that an intelligent, alert, disinterested and impartial jury will perform the duty assigned to it.'" *Franklin v. State*, 12 S.W.3d 473, 477 (Tex. Crim. App. 2000) (quoting *Salazar v. State*, 562 S.W.2d 480, 482 (Tex. Crim. App. [Panel Op.] 1978)). A trial court abuses its discretion if it prohibits "a proper question about a proper area of inquiry." *See Samaripas v. State*, 454 S.W.3d 1, 5 (Tex. Crim. App. 2014); *Ripstra v. State*, 514 S.W.3d 305, 314 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd). The State and defendant have the right to question venire members to expose any interest or partiality in order to use peremptory strikes intelligently. *Franklin*, 12 S.W.3d at 477. Questions are also proper if they uncover grounds for challenges for cause, such as an inquiry whether a venire member (1) possesses a bias or prejudice in favor of or against a defendant; (2) possesses a bias against a phase of the law upon which the State or the defendant is entitled to rely; or (3) already has decided the defendant's guilt or punishment. *See Barajas v. State*, 93 S.W.3d 36, 38-39 (Tex. Crim. App. 2002).

Here, the State properly inquired whether venire members could follow the law as instructed and could be fair and unbiased knowing that Appellant has two prior convictions. *See Franklin*, 12 S.W.3d at 477; *Barajas*, 93 S.W.3d at 38-39.

We conclude the trial court did not abuse its discretion when it permitted the State to "discuss" Appellant's prior two convictions during voir dire. We

overrule Appellant's first issue with regard to Appellant's voir dire arguments.

## C. Guilt-Innocence Phase

Appellant also argues in his first issue that the trial court abused its discretion by allowing the State to introduce (during the guilt-innocence phase of trial) redacted judgments evidencing his two prior convictions when Appellant signed a stipulation regarding both convictions. Citing *Robles v. State*, Appellant contends the admission of evidence of his two prior convictions is error (even though they are jurisdictional elements of the charged offense) because the danger of unfair prejudice from introduction of the evidence substantially outweighs its probative value. 85 S.W.3d 211, 214 (Tex. Crim. App. 2002).

The State counters that it was not error to admit the redacted judgments of Appellant's two prior convictions in this case because "the judgments did not reveal information not already known to the jury." The State argues that, unlike here where the admitted judgments were redacted, the Court of Criminal Appeals in *Robles* found the trial court erred when it admitted judgments of jurisdictional prior convictions in addition to the defendant's stipulation because the judgments were unredacted, contained references to other prior convictions, and showed the sentences imposed. *Id*. at 213-14. In support of its contention, the State points to the following language from *Robles*:

> Each judgment contained a notation that it was a DWI-third offense. Also, the judgments contained the sentences that were imposed in each case. Therefore, a jury could have gleaned, during the guilt-innocence phase, that the DWI charged here was the appellant's fifth alcohol-related offense and that the appellant had not served his full term for his last prior conviction. That kind of evidence is prejudicial and possesses no probative value.

*Id*. at 213.

Assuming *arguendo* the trial court abused its discretion in allowing the

11

State to introduce the redacted judgments into evidence during the guilt-innocence phase of trial, we nonetheless conclude any error was harmless.

Error in the admission of evidence of prior convictions when a defendant has stipulated to the prior convictions constitutes non-constitutional error and is reviewed under the standard set out in Texas Rule of Appellate Procedure 44.2(b). *See* Tex. R. App. P. 44.2(b); *Herring v. State*, 147 S.W.3d 390, 396 (Tex. Crim. App. 2004). Rule 44.2(b) provides that we must disregard any error that does not affect an appellant's substantial rights. *See* Tex. R. App. P. 44.2(b); *Herring*, 147 S.W.3d at 396; *McIlroy v. State*, 188 S.W.3d 789, 796 (Tex. App.—Fort Worth 2006, no pet.). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *Scales v. State*, 380 S.W.3d 780, 786 (Tex. Crim. App. 2012). In conducting a harm analysis, we examine the entire trial record, "including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error and how it might be considered in connection with other evidence in the case." *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002).

During the guilt-innocence phase of trial, the State introduced Appellant's signed stipulation into evidence, which provided that Appellant was convicted (1) on October 24, 2016, of burglary of a motor vehicle, a Class A misdemeanor "for which [he] was sentenced to 200 days in the Harris County Jail"; and (2) on May 25, 2017, of burglary of a motor vehicle, a state jail felony "for which [he] was sentenced to 6 months in the State Jail." The State also introduced the judgments of Appellant's two prior convictions into evidence. These judgments were heavily redacted and provided less information than what Appellant had provided in his stipulation. In fact, the redacted judgments revealed only that Appellant had been

convicted twice of burglary of a vehicle, the courts in which he was convicted, and the dates of conviction.

The State mentioned the two prior judgments only when it offered them into evidence together with Appellant's stipulation. The trial court admitted the stipulation and redacted judgments into evidence as exhibits 9, 10, and 11. With regard to the prior judgments, the trial court gave the following limiting instruction to the jury:

> Ladies and gentlemen of the jury, you are instructed that such evidence, specifically Exhibits 10 and 11, cannot be considered by you in any manner proving or tending to prove that the defendant, Mr. Reed, burglarized a motor vehicle on or about the 12th day of November, 2017.
>
> That is the limiting instruction I am giving you concerning those two exhibits that have been admitted into evidence. They are for jurisdictional purposes only. All right? Thank you.

The State published the stipulation and the two redacted judgments by reading only excerpts from them to the jury.

The State never mentioned the judgments again during the guilt-innocence phase of the trial. The State also never mentioned the judgments during its opening and closing statements. Additionally, the trial court provided the following limiting instruction in the jury charge:

> With respect to the evidence admitted in this case concerning the defendant's having been previously convicted two times of the offense of burglary of a motor vehicle . . . , you are instructed that such evidence cannot be considered by you as in any manner proving or tending to prove that the defendant burglarized a motor vehicle, if he did, on or about the 12th day of November, 2017.

Moreover, the evidence of Appellant's guilt was strong. Complainant testified that when he woke up in the middle of the night, he looked outside a window and saw three men approach his truck, which was parked on the street in front of his house.

13

Complainant saw the men trying to pry his truck's passenger door open. Complainant testified he woke up his wife Mary and they heard the truck's alarm go off. They got into their other vehicle to pursue the men.

As they drove around the neighborhood, Complainant and Mary saw Appellant walking down the street and recognized him as the man from the surveillance video because of his unique clothing—especially his jacket, which was light and had a black trim "around the neck, the arms and the waist" as well as pockets and black patches on the front of the jacket.

Complainant testified he had no doubt Appellant was the male he saw captured on video. Complainant testified that when Appellant saw the marked police car, Appellant immediately turned in another direction. When the police arrested Appellant, he was wearing the same unique jacket that the burglar captured on the video was wearing.

The jury also viewed the three video recordings, which showed one of the burglars wearing the same unique jacket as Appellant wore when he was arrested. In the first video, the burglar wearing the unique jacket can be seen shining a flashlight into the passenger window of Complainant's personal truck, which was parked on the street in front of Complainant's house. That burglar then walks down the sidewalk away from Complainant's truck to Complainant's work truck, which was parked behind his personal truck on the street. The burglar wearing the unique jacket shines a flashlight into the passenger window of Complainant's work truck, turns around, and walks away down the sidewalk to the left out of the camera's view.

In the second video, the burglar with the unique jacket and another man can be seen walking on the sidewalk, while a third man can be seen standing by Complainant's work truck shining a flashlight into the truck's passenger widows.

14

The burglar with the unique jacket then walks over to the third man and Complainant's work truck, and the two walk away from Complainant's work truck and back to the sidewalk. The third man walks over to Complainant's personal truck and shines a flashlight into the passenger window. The third man walks away and hands the flashlight to the burglar with the unique jacket, who then walks to Complainant's personal truck and attempts to open the passenger window and door while the other two men stand on the sidewalk and watch.

The third video shows the two other burglars standing close to Complainant's personal truck. The truck's alarm goes off, those two burglars run away, and the burglar wearing the unique jacket climbs out of the passenger window of Complainant's truck and also runs away. In addition to the three surveillance videos, the State also introduced close-up screenshots from the surveillance videos of the burglar with the unique jacket and a close-up photo, which shows him walking on the bike trail next to the train tracks and wearing the same jacket he can be seen wearing in the surveillance videos the jury viewed.

After examining the entire record, we have fair assurance that, even if the trial court erred by admitting the two redacted judgments, the admission of the evidence did not have a substantial and injurious effect or influence on the jury. *See* Tex. R. App. P. 44.2(b). We conclude that any error in admitting the redacted judgments during the guilt-innocence phase of trial was harmless, and we therefore overrule Appellant's first issue.

## II.    Jury Charge

Appellant argues in his second issue that he was egregiously harmed because the jury charge did not instruct the jury on the stipulation's legal effect and instead instructed the "jury to consider the evidence of the convictions."

15

## A. Standard of Review and Governing Law

A jury charge must set forth the law applicable to the case and set out all essential elements of the offense, including jurisdictional elements. *Martin*, 200 S.W.3d at 639. Therefore, the charge must inform the jury of the existence of the two prior burglary of a vehicle convictions (to which the defendant stipulated) on which the State relies for conviction of a felony burglary of a vehicle offense. *See id.* Accordingly, the jury charge must include some reference to the (1) jurisdictional element of two prior burglary of a vehicle convictions in a felony burglary of a vehicle trial; and (2) defendant's stipulation and its legal effect of establishing the jurisdictional element. *Id.* at 640-41.

The Court of Criminal Appeals outlined two ways a trial court can instruct a jury about such stipulated prior convictions. *Id.* at 639. The first way is to include the specific indictment allegations of the two prior burglary of a vehicle convictions in the application paragraph with a separate paragraph stating that the defendant has stipulated to the existence of the two prior convictions, thereby establishing the jurisdictional element. *See id.* "This separate paragraph would also instruct the jury to find that the jurisdictional prior convictions may not be used for any other purpose in determining the guilt of the defendant on the charged occasion." *Id.* The second "way is to simply charge the elements of the underlying offense and include a paragraph stating that the defendant has stipulated to the existence of two (specified or unspecified) prior convictions, and thus the jury is directed to find that those elements of felony are established." *See Martin*, 200 S.W.3d at 639. The court also stated that the parties and the trial court "may devise other, entirely satisfactory, instructions to inform the jury of the existence of the defendant's stipulation and of its effect." *Id.* Further, the trial court is authorized to give other limiting instructions appropriate to the case. *Id.*

16

A trial court errs in submitting a jury charge that does not contain some reference to the jurisdictionally required prior convictions or does not contain some reference to the defendant's stipulation and its legal effect of establishing the jurisdictional element. *Id*. at 639-41. Such a charge error should be reviewed under the standards set out in *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1984), *superseded on other grounds by rule as stated in Rodriguez v. State*, 758 S.W.2d 787, 788 (Tex. Crim. App. 1988). *Id*. at 639, 641. If the defendant objects to the failure to include any reference to the jurisdictional element or the stipulation and its legal effect, he only needs to show some actual harm calculated to injure his rights. *Id*. at 639. However, if the defendant, as in this case, does not object to the jury charge, he must show that the jury charge caused him such egregious harm that he did not have a fair and impartial trial. *Id*. at 639-40.

Egregious harm requires that a defendant suffered actual harm rather than theoretical harm. *Chambers v. State*, 580 S.W.3d 149, 154 (Tex. Crim. App. 2019). In examining the record for egregious harm, we consider the entire jury charge, the state of the evidence, the arguments of the parties, and any other relevant information in the record. *Arteaga v. State*, 521 S.W.3d 329, 338 (Tex. Crim. App. 2017); *see also Martin*, 200 S.W.3d at 642. Jury charge error is egregiously harmful if it affects the very basis of the case, deprives a defendant of a valuable right, or vitally affects a defensive theory. *Arteaga*, 521 S.W.3d at 338.

## B. Application

In this case, Appellant signed a written stipulation regarding his two prior convictions for burglary of a vehicle. The stipulation was admitted without objection into evidence during the State's case-in-chief, and the State read the stipulation but omitted the cause numbers and sentences imposed for the prior convictions. Appellant did not object to the charge or otherwise draw to the trial

court's attention that the charge did not instruct the jury regarding the legal effect of his stipulation. The jury charge's application paragraph required the jury to determine whether Appellant previously had been convicted of the two prior burglary of a vehicle offenses alleged in the indictment, but the jury charge did not specifically address the stipulation. The charge did instruct the jury that it could not consider the evidence admitted regarding the two prior burglary of a vehicle convictions "in any manner proving or tending to prove" that Appellant burglarized a vehicle in the instant case.

The trial court erred by submitting a jury charge that did not contain some reference to Appellant's stipulation and its legal effect of establishing the jurisdictional element of two prior burglary of a vehicle convictions. *See Martin*, 200 S.W.3d at 639, 641. However, after examining the record, we cannot conclude that Appellant was egregiously harmed by the trial court's error.

First, we note that although the jury charge is deficient, it is not so deficient that it would prejudice Appellant's rights. *See id.* The charge instructed the jury regarding the jurisdictional element of two prior burglary of a vehicle convictions, but it failed to instruct the jury on Appellant's stipulation and its legal effect of establishing the jurisdictional element. Had the trial court so instructed the jury, the State would have been relieved of its burden to prove the required jurisdictional element. The lack of instruction was not detrimental to Appellant. Also, the trial court instructed the jury that it could not consider Appellant's prior two convictions in determining his guilt in the present case. We generally presume the jury follows the trial court's instructions. *Beltran De La Torre v. State*, 583 S.W.3d 613, 620 (Tex. Crim. App. 2019); *Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005). The trial court's instruction would thus counterbalance potential harm, if there were any.

Second, the state of the evidence weighs against a finding of harm, much less egregious harm. As we have outlined in detail above, the evidence of Appellant's guilt was strong. Evidence at trial included testimony from Complainant, testimony from his wife, three videos that captured the burglary, and photos of Appellant shortly thereafter that showed him wearing the same distinctive jacket as one of the burglars and from which the jury could have identified Appellant as the burglar wearing the jacket.

Third, the State never mentioned Appellant's two prior convictions during its opening statement or closing argument. The State focused its closing argument entirely on what occurred on November 12, 2017. Defense counsel also never spoke about the prior convictions in his closing argument.

Fourth, with regard to other relevant information in the record, Appellant claims that the State "emphasized to the jury over and over, throughout the trial" that Appellant had two prior convictions for burglary of a vehicle. However, as discussed above, Appellant's assertion is not supported by the record. Additionally, we note the record shows that (1) the State emphasized to the jury that it should not consider Appellant's prior convictions in determining his guilt in this case; and (2) the trial court instructed the jury several times to not consider Appellant's prior convictions in deciding whether he committed the charged offense.

Having examined the record before us, we conclude that the absence of an instruction regarding Appellant's stipulation and the stipulation's legal effect did not result in egregious harm to Appellant's right to a fair and impartial trial. *See Martin*, 200 S.W.3d at 642. We therefore overrule Appellant's second issue.

## CONCLUSION

We affirm the trial court's judgment.


/s/    Meagan Hassan
Justice


Panel consists of Chief Justice Frost and Justices Wise and Hassan.

Do Not Publish — Tex. R. App. P. 47.2(b).